# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RICHARD ALLEN RATUSHNY** : | |
| Petitioner, : | |
| v. : | CIVIL ACTION NO. 14-1324 |
| : | |
| **TABB BICKELL**, *et al.* : | |
| Respondents. : | |

## MEMORANDUM OPINION

**Rufe, J.**                                                                                                           **April 17, 2017**

      Petitioner, who is proceeding *pro se*, seeks relief in this Court pursuant to 28 U.S.C. § 2254, arguing that his state-court conviction was imposed in violation of the United States Constitution. The Petition was referred to Magistrate Judge Thomas J. Rueter, who has issued a Report and Recommendation ("R&R") recommending that the petition be denied. Petitioner has filed objections to the R&R. For the following reasons, the Court will deny the Petition.

## I.    PROCEDURAL HISTORY

      In 2009, Petitioner was convicted of aggravated indecent assault, indecent assault, endangering the welfare of children, corruption of minors, and unlawful contact with a minor after a jury trial in the Court of Common Pleas of Northampton County, Pennsylvania. The crimes related to the sexual abuse of Petitioner's girlfriend's daughters; Petitioner was acquitted as to charges regarding the younger child, and convicted of charges as to the older. After a hearing, the trial court determined that Petitioner was a sexually violent predator, and he was sentenced to six to nineteen years of imprisonment. After his direct appeals were unsuccessful, Petitioner filed a petition under Pennsylvania's Post-Conviction Relief Act ("PCRA").[1]

---

[1] 42 Pa. Cons. Stat. Ann. §§ 9541, *et seq.*

Petitioner, who was represented by counsel during the PCRA proceedings, asserted among other issues that his trial counsel had been ineffective. The PCRA court held a hearing at which trial counsel testified, and thereafter denied relief. Petitioner raised three issues on appeal to the Superior Court: (1) whether trial counsel had a conflict of interest that prevented him from fully fulfilling his duties to Petitioner; (2) whether the Commonwealth failed to disclose exculpatory evidence in the form of a recent welfare fraud conviction of the victim's mother; and (3) whether trial counsel was ineffective for failing to discover the mother's criminal record.[2] The Superior Court affirmed the denial of relief, and the Supreme Court denied as untimely Petitioner's attempt to file a petition for allowance of appeal. Petitioner then timely filed the Petition in this Court, which raises the same three issues rejected by the Superior Court.

Petitioner has objected to the R&R arguing, as he did in the Petition and the briefing, that the exclusion of evidence denied him a fair trial and that his counsel was ineffective. Upon careful *de novo* review of the record, including the transcript of the PCRA hearing at which trial counsel testified, the Court concludes that Petitioner has not shown an entitlement to relief, and agrees with the R&R that Petitioner has failed to overcome the hurdle of the deference afforded to state courts.[3]

## II. LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996[4] ("AEDPA"), governs habeas petitions like the one before this Court. Under the AEDPA, "a district court shall entertain an application for writ of habeas corpus [filed on] behalf of a person in custody pursuant to the

---

[2] R&R at 2-3 (citing Superior Court opinion).

[3] *See, e.g., Coleman v. Johnson*, 566 U.S. 650, 651 (2012); *Strickland v. Washington*, 466 U.S. 668, 690 (1984).

[4] 28 U.S.C. § 2254.

judgment of a State court only on the ground that he is in custody in violation of the Constitution or the laws or treaties of the United States."[5] Where, as here, the habeas petition is referred to a magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), a district court conducts a *de novo* review of "those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[6]

Where the claims presented in a federal habeas petition have been decided on the merits in state court, a district court may not grant relief unless the adjudication of the claim in state court:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.[7]

A state court's decision is "contrary to" clearly established law if the state court applies a rule of law that differs from the governing rule set forth in Supreme Court precedent or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent."[8] A decision is an "unreasonable application of" clearly established law if "the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the

---

[5] § 2254(a).

[6] 28 U.S.C. § 636(b)(1)(C).

[7] § 2254(d).

[8] *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)).

3

prisoner's case."⁹ The "unreasonable application" clause requires more than an incorrect or erroneous state court decision.¹⁰ Rather, the application of clearly established law must be "objectively unreasonable."¹¹

## III. DISCUSSION

### A. Ineffective Assistance of Counsel

Ineffective assistance of counsel claims are evaluated pursuant to the two-pronged test established by the Supreme Court in *Strickland v. Washington*.¹² Under *Strickland*, counsel is presumed to have acted reasonably and to have been effective unless a petitioner can demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the petitioner.¹³ Counsel's performance is only deficient when it is "outside the wide range of professionally competent assistance."¹⁴ Prejudice occurs upon a showing that there is a reasonable possibility that but for counsel's deficient performance the outcome of the underlying proceeding would have been different.¹⁵ For example, "[a]n attorney cannot be ineffective for failing to raise a claim that lacks merit," because in such cases, the attorney's performance is not deficient, and would not have affected the outcome of the proceeding.¹⁶ Similarly, an ineffective assistance of counsel claim is not established upon the showing that an error had an effect on the

---

⁹ *Id.* at 75 (quoting *Williams*, 529 U.S. at 413).

¹⁰ *Id.*

¹¹ *Id.*

¹² 466 U.S. 668 (1984).

¹³ *Id.* at 687.

¹⁴ *Id.* at 690.

¹⁵ *Lewis v. Horn*, 581 F.3d 92, 106-07 (3d Cir. 2009).

¹⁶ *Singletary v. Blaine*, 89 F. App'x 790, 794 (3d Cir. 2004) (citing *Moore v. Deputy Comm'r of SCI-Huntingdon*, 946 F.2d 236, 245 (3d Cir. 1991)).

4

proceedings; rather, a defendant must show that there is a reasonable probability that the outcome would have been different in the absence of such errors.[17]

When the state court has squarely addressed the issue of counsel's representation, the district court faces a double layer of deference.[18] "[T]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable, which is different from asking whether defense counsel's performance fell below *Strickland*'s standard."[19] Federal habeas courts must "take a highly deferential look at counsel's performance" under *Strickland*, "through the deferential lens of § 2254(d)."[20] In applying this doubly deferential standard to Petitioner's case, the Court cannot conclude that the state court's application of *Strickland* was unreasonable.

Petitioner argues that counsel was ineffective because he was operating under a conflict of interest by representing a potential defense witness as well as Petitioner. Trial counsel had represented another man who also had been charged with sexual offenses involving the victim in Petitioner's case; the charges were still pending at the time of Petitioner's trial. According to Petitioner, this person was supposed to testify at Petitioner's trial that similar allegations were made against the witness when he rejected the victim's mother's advances, which was also Petitioner's defense. When the trial court pointed out difficulties in calling the witness, given the pending charges, the attorney, without consulting Petitioner, decided not to call the witness.[21] As set forth in the R&R, the PCRA court held a hearing and found no evidence that the attorney violated the conflict of interest provisions of the Pennsylvania Rules of Professional Conduct or

---

[17] *Strickland*, 466 U.S. at 694.

[18] *Premo v. Moore*, 562 U.S. 115, 123 (2011).

[19] *Grant v. Lockett*, 709 F.3d 224, 232 (3d Cir. 2013) (citation and internal quotations omitted).

[20] *Id.* (internal quotation omitted).

[21] Petition ¶ 12.

that the interests of Petitioner and the other man diverged.[22] The Pennsylvania Superior Court affirmed with a detailed discussion, finding that the situation was not likely to lead to a conflict of interest because the interests of Petitioner and the witness "did not diverge with respect to a factual or legal issue or course of action" as the attorney was able to proffer the information received from the witness, and the witness did not object to testifying.[23] Although it is somewhat troubling that counsel below was representing both the defendant on trial and a potential witness, the Court is bound to give "wide deference to the state court's conclusions," and under that standard, Petitioner is not entitled to relief.[24]

### B. The *Brady* Claim

"[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."[25] To establish a *Brady* claim, the evidence "must be favorable to the accused, either because it is exculpatory, or because it is impeaching," it "must have been suppressed by the State, either willfully or inadvertently," and it "must have been material such that prejudice resulted from its suppression."[26]

Petitioner argues that the Commonwealth violated *Brady* by failing to disclose that the victim's mother, a prosecution witness, had been convicted of fraud in obtaining food stamps and other assistance—evidence of a *crimen falsi* that could have been used as impeachment

---

[22] *Commonwealth v. Ratushny*, No. 327 EDA 2013, 2014 WL 11022433, *4 (Pa. Super. Ct. Jan. 28, 2014) (non-precedential).

[23] R&R at 10-12 (quoting *Commonwealth v. Ratushny*, No. 327 EDA 2013, slip op. at 4-9 (Pa. Super. Ct. Jan. 28, 2014)).

[24] *Collins v. Sec'y of Pa. Dep't of Corr.*, 742 F.3d 528, 546-47 (3d Cir. 2014) (quoting *Burt v. Titlow*, 134 S. Ct. 10, 13 (2013); *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)).

[25] *Brady v. Maryland*, 373 U.S. 83, 87 (1963).

[26] *Dennis v. Sec'y, Pa. Dep't of Corr.*, 834 F.3d 263, 284-85 (3d Cir. 2016) (en banc).

6

evidence.[27]  The Pennsylvania courts held that although the evidence was *Brady* material, in that it was favorable to the defense, there was no evidence that "the Commonwealth possessed or controlled that information and failed to disclose it either intentionally or inadvertently," both because the record of the conviction was available to the defense, and because there was no evidence that the prosecution had the records or withheld the fact of the conviction.[28]

The withholding of evidence that calls into question the credibility of a prosecution witness violates *Brady*.[29]  This includes criminal records.[30]  Moreover, "the fact that a criminal record is a public document cannot absolve the prosecutor of her responsibility to provide that record to defense counsel."[31]  Although it appears that defense counsel did not specifically request the criminal records of prosecution witnesses, this does not relieve the prosecutor's burden.  The Third Circuit recently clarified that "the concept of 'due diligence' plays no role in the *Brady* analysis,"[32] because "[a]dding due diligence, whether framed as an affirmative requirement of defense counsel or as an exception from the prosecutor's duty, to the well-established three-pronged *Brady* inquiry would similarly be an unreasonable application of, and contrary to, *Brady* and its progeny."[33]  Therefore, even if defense counsel did not request the records, the prosecution had a duty to obtain and produce the *crimen falsi* conviction impeachment evidence of Petitioner's girlfriend.  The Court therefore sustains the objections to

---

[27] PCRA hearing transcript May 30, 2012 at 23.

[28] *Ratushny*, 2014 WL 11022433, at * 7 (footnote omitted).

[29] *Wearry v. Cain*, 136 S. Ct. 1002, 1005 (2016).

[30] *United States v. Perdomo*, 929 F.2d 967, 970 (3d Cir. 1991).

[31] *Wilson v. Beard*, 589 F.3d 651, 663-64 (3d Cir. 2009) (internal citation omitted).

[32] *Dennis*, 834 F.3d at 291.

[33] *Id.* at 293.

7

the conclusion of the R&R (which was issued without benefit of the en banc decision in *Dennis*) that "[n]o *Brady* violation occurred because no evidence was suppressed."[34]

However, Petitioner still must establish that the state courts unreasonably applied federal law in concluding that Petitioner did not show that he was prejudiced by the non-disclosure. In this regard, "the proper inquiry remains whether use of the [evidence] by defense counsel at trial would have resulted in a different outcome at trial."[35] At the PCRA hearing, defense counsel testified that he could have used the conviction to impeach the witness, and that he would have asked for a jury instruction based on the prior conviction for a *crimen falsi* statement.[36] The PCRA court denied relief, because it "did not find [the victim's] mother's reliability to be critical or essential to the conviction," as the older daughter herself testified as to the abuse, and several friends testified that she had confided in them.[37] The Superior Court therefore concluded that the evidence was insufficiently favorable to merit relief.[38]

After careful review of the record, the Court cannot hold that the state courts unreasonably applied federal law in concluding that the excluded evidence was not sufficiently material, particularly in light of the testimony of the victim herself. However, upon consideration of the decision in *Dennis*, because Petitioner's defense largely focused upon undermining the credibility and motives of those who testified, "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues

---

[34] R&R at 22.

[35] *Dennis*, 834 F.3d at 301-02.

[36] PCRA hearing transcript May 30, 2012 at 24-25. There apparently was another Commonwealth witness with a *crimen falsi* conviction, but that has not been part of these proceedings. *Id.* at 25-27.

[37] *Ratushny*, 2014 WL 11022433, at *7.

[38] *Id.*

8

presented were adequate to deserve encouragement to proceed further."[39] Therefore, although the Court will deny relief, a certificate of appealability will issue.

## IV. CONCLUSION

For the reasons set forth above, Petitioner's objections will be sustained in part and overruled in part, and the Petition will be denied without a hearing. The Court will issue a certificate of appealability. An order will be issued.

---

[39] *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (internal quotation marks omitted).